# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HOMER RHODES,**

      Plaintiff,

vs.                                                                                  Civ. No. 01-1407 LH/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed July 23, 2002. (Docket No. 11).  The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken.

### PROPOSED FINDINGS

### I. PROCEDURAL RECORD

1.    Plaintiff Ronald Medina filed an application for benefits on April 7, 1999 alleging a disability since October 19, 1998, resulting from a back injury.  Tr. 14, 35.  The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on August 30, 2000.  At the hearing, the

Plaintiff was represented by an attorney. On October 23, 2000, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has a severe impairment resulting from his chronic low back pain and muscle spasm; the severity of the claimant's impairment does not meet or equal a listed impairment; the claimant's testimony of subjective complaints and functional limitations, including pain, was not entirely supported by the evidence as a whole to the disabling degree alleged; the claimant has a residual functional capacity for at least a limited range of medium work; the claimant is able to perform his past relevant work; the claimant can perform a significant number of other jobs in the national economy; and the claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision. Tr. 17-18.

2. On the date of the ALJ's decision Plaintiff was 48 years old. He has a high school education and two years of trade school in heating and cooling systems. Tr. 28, 74. The Plaintiff has past relevant work experience as a construction worker, electrician's helper, and laborer in building maintenance. T. 39, 69.

3. The ALJ entered his decision on October 23, 2000. Thereafter, the Plaintiff filed a request for review. On November 16, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 6. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on December 18, 2001.

## II.  STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.

See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

     5.     In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

     6.     At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff asserts that the ALJ erred in finding that Plaintiff's testimony was not wholly credible. Plaintiff's assertion is without merit. Further the Court finds that Plaintiff did not meet his burden in establishing that he has a disabling impairment.

Plaintiff's burden.

8. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or last or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from a anatomical, psychological or psychological abnormalities which are demonstrated by medially acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). The Commissioner's regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques 20 C.F.R. §404.1513.

9. The medical record contains only one x-ray report. It is of the thoracic spine which as taken because of Plaintiff's complaint of a soft tissue mass. Tr.100. It does not contain any evidence of a significant abnormality. The only other x-ray referred to in the record is of Plaintiff's left heel which shows a spur. Tr. 135. Plaintiff told his physical therapist that x-rays taken at the time of his injury showed two fractured vertebrae. Tr. 145. However, when a physician's assistant noted there were "no films at VA," the Plaintiff declined to undergo an x-ray. Tr. 143.

Credibility Determination.

10. The ALJ must make an express credibility determination if she does not believe the plaintiff's testimony concerning pain and limitations. A credibility finding must be "closely and

4

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility is the province of the ALJ." Hamilton v. Secretary of HHS, 961 F.2d 1492, 1499 (10th Cir. 1992).

11. Plaintiff asserts that in making her credibility analysis the ALJ stated hat Plaintiff had no worked since 1991. Tr. 15. The record demonstrates that Plaintiff testified he was injured in 1991 but worked until 1998. Tr. 28, 35. However, the ALJ's mistake is merely harmless error. As discussed below, there is sufficient evidence in the record and noted by the ALJ to support the ALJ's finding. Foster v. Chater, 70 F.3d 1282, 1995 WL 694132 (10th Cir. 1995). A case will not be remanded if an ALJ's mistake is harmless error. Glass v. Shalala, 43 F.3d 1392, 1396-97 (10th Cir. 1994).

12. Contrary to Plaintiff's assertion, the ALJ found that Plaintiff had a pain-producing impairment. The ALJ correctly noted that while Plaintiff testified that is pain was constant, he told his physicians he experienced only occasional and intermittent low back pain. Tr. 103. Plaintiff testified that is medications caused abdominal pain; however he did not complain of this to his physicians. The Plaintiff told his physical therapist that he had no difficulties in performing his exercises at home but testified that the exercises were too painful. Tr. 29, 125 and 146. The medical record demonstrates that Plaintiff did not any have muscle weakness or pain that radiated to his legs. Tr. 129. The ALJ noted that Plaintiff sought or received minimal medical treatment during the time period at issue. Tr. 15.

13. Further, the ALJ considered that Plaintiff's daily activities were inconsistent with his complaints. Tr. 15. Plaintiff testified that he was able to drive, wash dishes, dust, mow and rake his yard. Tr. 30, 36. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988). Finally, the ALJ also

5

found it significant that Plaintiff left his last job because the job ended, not because of his alleged impairment. Tr. 15. Clearly, the ALJ met her burden in providing specific reasons for her finding that Plaintiff's complaints were not entirely credible.

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and her decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand for a Rehearing, filed July 23, 2002 should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**